## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **ALBERT GORDON MURRAY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | **CIVIL NO. 5:24-cv-120-MTT-CHW** |
| | : | |
| **Judge VERDA COLVIN;** | : | |
| **Sheriff DAVID DAVIS;** | : | |
| **Judge DAVID L. MINCEY, III;** | : | |
| **District Attorney TOMMY** | : | |
| **WILLIAMS; DAVID STOKES,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## <u>ORDER</u>

Plaintiff Albert Gordon Murray, a prisoner in Long State Prison in Ludowici, Georgia, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. He also moved to proceed *in forma pauperis*. ECF No. 3. The Court granted his motion to proceed *in forma pauperis* and ordered that he pay an initial partial filing fee. ECF No. 4. Plaintiff has now paid the initial partial filing fee and his complaint must be reviewed under 28 U.S.C. § 1915A. For reasons discussed below, Plaintiff's action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted and for seeking monetary relief from defendants who are immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.    Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.  *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis*.  Both statutes apply in this case, and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  Pro se pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'"  *Hughes*, 350 F.3d at 1160 (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'"  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted).  The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'"  *Id.* (citation omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'"  *Twombly*, 550 U.S. at 555 (citation omitted).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).  If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.    Factual Allegations

Plaintiff's claims arise from his arrest and subsequent prosecution in the Superior Court of Bibb County, Georgia, Case No. 19-cr-77151.  ECF No. 1 at 4.  Plaintiff states that no arrest warrant has ever been issued and he was arrested and imprisoned pursuant to a bench warrant.  *Id.*  Plaintiff attached to his complaint a copy of this bench warrant, which is actually a Special Presentment Bench Warrant.  ECF No. 1-1.

Plaintiff states that Sheriff David Davis performed a "warrantless arrest" when he arrested Plaintiff on November 19, 2019.  ECF No. 1 at 4.  He complains that he was not

3

taken before a judicial officer within 48 hours of this arrest. *Id*. Plaintiff argues, "there was never any arrest warrant issued against him" and his seizure "without a warrant results in an ongoing detention without legal process in violation of his Fourth and Fourteenth Amendment rights." *Id*.

Plaintiff states that Judge Verda Colvin falsely imprisoned him on November 19, 2019 because he was arrested without an arrest warrant. *Id*.

Plaintiff faults District Attorney Tommy Williams for "falsely imprisoning [him] without a warrant" on October 25, 2021 through October 26, 2021 and for prosecuting him "without probable cause." *Id*.

Plaintiff states that Judge David Mincey "falsely imprisoned Plaintiff without a warrant" on October 26, 2021 following his "warrantless arrest." *Id*. at 5. Plaintiff also states that Judge Mincey acted without jurisdiction when he presided over his trial in Case No. 19-cr-77151 and sentenced Plaintiff to serve ten years in prison. *Id*. Plaintiff alleges that Judge Mincey acted "in the clear absence of all jurisdiction because the record of [his criminal] case shows that there was never any arrest warrant issued against . . . Plaintiff." *Id*.

Plaintiff states that Superintendent David Stokes at Long State Prison in Ludowici, Georgia falsely imprisoned him on November 4, 2021 following his conviction in the Superior Court of Bibb County. *Id*.

Plaintiff seeks damages of $75,000 per hour for every hour he has been imprisoned since November 19, 2019. *Id*. at 6.

III. <u>Analysis</u>

As stated above, Plaintiff attached to his complaint a copy of the Special Presentment Bench Warrant for Indictment No. 19-cr-77151, signed by Judge Verda Colvin on April 23, 2019.  ECF No. 1-1.  The Special Presentment Bench Warrant shows that on April 23, 2019, Plaintiff was indicted in a Special Presentment for the offenses of Violation of Racketeer Influenced and Corrupt Organizations Act (three counts), Making a False Statement; Filing False Documents, and Theft by Taking.  *Id*.  The Special Presentment Bench Warrant commanded "[e]ach and every Sheriff, Deputy-Sheriff, Constable, Coroner, and Marshal" of the State of Georgia to "apprehend and arrest . . . Albert Gordan Murray."  *Id*.  Thus, on November 19, 2019, Plaintiff was not subjected to a warrantless arrest or an arrest on a bench warrant for failure to appear.  He was arrested pursuant to the April 23, 2019 Special Presentment Bench Warrant, which was filed after a Grand Jury indicted Plaintiff.  *See* O.C.G.A. § 17-7-51 ("All special presentments by the grand jury charging defendants with violations of the penal laws shall be treated as indictments."); O.C.G.A. § 17-7-90(a)(1) ("A bench warrant may be issued by a judge for the arrest of a person . . . [a]ccused of a crime by a grand jury.).

Because Plaintiff was arrested pursuant to legal process, he raises a claim for malicious prosecution, as opposed to false arrest and/or false imprisonment.  "[U]nlike the related cause of action for false arrest or imprisonment, [malicious prosecution] permits damages for confinement imposed pursuant to legal process."  *Heck v. Humphrey*, 512 U.S. 477, 484 (1994).  Thus, a plaintiff challenging an arrest pursuant to a warrant procured by legal process raises a claim of malicious prosecution instead of false arrest or false

imprisonment. *Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014) (citations omitted) ("The issuance of a warrant—even an invalid one as [Plaintiff] alleges was issued here—constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest.").

The standard for malicious prosecution has two elements: "(1) that the defendant violated [Plaintiff's] Fourth Amendment right to be free from seizures pursuant to legal process and (2) that the criminal proceedings against [Plaintiff] terminated in his favor." *Luke v. Gulley*, 975 F.3d 1140, 1144 (11th Cir. 2020); *Laskar v. Hurd*, 972 F.3d 1278, 1284 (11th Cir. 2020) (quoting *Williams v. Aguirre*, 965 F.3d 1147, 1157 (11th Cir. 2020)). Plaintiff has not stated facts sufficient to show the element.   While Plaintiff maintains that he was convicted of "nothing," he states that Judge Mincey sentenced him to serve ten years in prison, his appeal is pending, and he is incarcerated in Long State Prison in Ludowici, Georgia.  ECF No. 1 at 1, 5.  The Georgia Department of Corrections website shows Plaintiff is serving a sentence following conviction in Bibb County for three separate counts of Racketeering, making false statements, and violations of other state laws.  *See* https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryRedirector.jsp (last visited June 13, 2024).  Plaintiff's criminal prosecution has not terminated in Plaintiff's favor.  He cannot, therefore, maintain a claim for malicious prosecution unless and until his convictions are overturned on appeal or collateral review.

While this alone is reason enough to dismiss Plaintiff's complaint, the Court notes that three of the named Defendants have immunity from liability for damages:  Judge Colvin, Judge Mincey, and District Attorney David Williams.  Both Judges Colvin and

Mincey have absolute judicial immunity from damages for acts taken while they are acting in their judicial capacities unless they act "in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotation marks and citations omitted). Despite Plaintiff's conclusory allegation that Judge Mincey was acting in "the clear absence of all jurisdiction" when he presided over Plaintiff's criminal trial in October 2021, Judge Mincey is a Superior Court Judge in the Superior Court of Bibb County and, as such, would have jurisdiction to preside over criminal proceedings. Finally, judicial immunity applies "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*.

District Attorney Tommy Williams is "entitled to absolute immunity for 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the state.'" *Mastroianni v. Bowers*, 173 F.3d 1363, 1366 (11th Cir. 1999) (citation omitted); *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). This immunity applies even if a prosecutor acts with a malicious or improper motive or intentionally acted in bad faith. *See Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (citation omitted).

In conclusion, Plaintiff's action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted and for seeking monetary relief from defendants who are immune to such relief. 28 U.S.C. 1915A(b)(1)-(2).

**SO ORDERED**, this 14th day of June, 2024.

S/ Marc T. Treadwell

MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT